IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIO PADUA, | : | Civil No. 3:15-cv-823 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| PA BOARD OF PROBATION AND PAROLE, *et al.*, | : | |
| Respondents | : | |

FILED
SCRANTON
NOV 1 0 2016
Per_____
DEPUTY CLERK

**MEMORANDUM**

Petitioner, Julio Padua ("Padua"), a former inmate at the State Correctional Institution, Huntingdon, Pennsylvania, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Therein, he contends that the Pennsylvania Board of Probation and Parole's ("PBPP") decision to deny him parole violated his constitutional rights. (*Id.*). For the reasons that follow, the petition will be denied.

I.    **Background**

On December 20, 2007, Padua was sentenced by the Lehigh County Court of Common Pleas to one to four years incarceration for burglary, in violation of 18 Pa.C.S. § 3502. *See Commonwealth v. Padua*, Case No. CP-39-CR-0003484-2007 (Lehigh County). This sentence imposed in Lehigh County carried a minimum date of May 11, 2008, and a maximum expiration date of May 11, 2011. (Doc. 8-1, p. 6). On December 22, 2008,

Padua was released from a Motivational Boot Camp. (*Id.*).

On May 13, 2013, Padua was arrested by the Allentown Police Department on charges of manufacturing or delivering a controlled substance, or possession with intent to manufacture or deliver a controlled substance. *See Commonwealth v. Padua*, Case No. CP-39-CR-0005205-2013 (Lehigh County). On April 10, 2014, Padua entered a guilty plea. *Id.* On May 19, 2014, Padua was sentenced to a concurrent term of imprisonment of one to two years for possession with intent to deliver, in violation of 35 P.S. § 780-113(a)(30). *Id.* This sentence carried a maximum expiration date of May 17, 2016. (*Id.*).

On February 25, 2015, Padua was denied parole. (Doc. 8-1, p. 12). The PBPP reasoned that Padua was a risk to the community, he failed to demonstrate motivation for success, he lacked remorse for the offenses committed, and the prosecuting attorney issued a negative recommendation. (*Id.*).

The instant petition was filed on April 13, 2015. (Doc. 1).

## II.  Discussion

Padua's petition pursuant to 28 U.S.C. § 2254 is challenging the PBPP's February 25, 2015 decision to deny him parole. Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review allegations of constitutional

error before seeking relief in federal court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

To properly exhaust a claim involving a determination by the PBPP, the petitioner must first file a petition for administrative review with the PBPP within thirty days of the mailing date of the PBPP's decision. *See* 37 Pa. Code § 73.1(a). After an administrative appeal to the PBPP, a petitioner must present his claims to the Pennsylvania Commonwealth Court. *See* 42 Pa.C.S.A. § 763(a); *Bronson v. Pennsylvania Bd. of Prob. and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980). If dissatisfied with the result, petitioner must then file a Petition for Allowance of Appeal with the Pennsylvania Supreme Court. *See* 42 Pa.C.S.A. § 724; *McMahon v. Pennsylvania Bd. of Prob. and Parole*, 504 Pa. 240, 470 A.2d 1337 (1983). *See also Pagan v. Pennsylvania Bd. of Prob. and Parole*, No. 08-0150, 2009 WL 210488, *3 (E.D. Pa. January 22, 2009). If petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. *See Williams v. Wynder*, 232 F. App'x 177, 181 (3d Cir. 2007).

Padua fails to demonstrate that he satisfied the exhaustion requirement. Indeed,

there is no indication that Padua presented any of the instant claims to a Pennsylvania Court prior to filing his federal habeas petition. As such, he has not exhausted his state court remedies and the time to do so has expired. Padua's failure to timely present his claims at the state level constitutes an independent and adequate state ground sufficient to support a procedural default of his claims. *Barnhart v. Kyler*, 318 F. Supp.2d 250 (M.D. Pa. 2004). The merits of his procedurally defaulted claims cannot be reviewed unless he demonstrates either cause for the procedural default and actual prejudice, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate "cause" for a procedural default, he must point to some objective external factor which impeded his efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if he can demonstrate that the outcome of the state proceeding was "unreliable" or "fundamentally unfair" as a result of a violation of federal law. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993). In his traverse, Padua simply states that "[t]here is no available State avenue for Mr. Padua to present the claims within." (Doc. 9, p. 3). Padua has not established sufficient cause for his default or demonstrated actual prejudice that would justify overlooking the default in this case. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002). Nor is there any indication that a failure to review his claim will result in a

fundamental miscarriage of justice.

Notably, even had Padua properly presented his claim to the state courts, he would not be entitled to federal relief. The court may deny a petition for habeas corpus, notwithstanding the petitioner's failure to exhaust state court remedies. See 28 U.S.C. § 2254(b)(2). It is well-established that "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). While "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin v. Conner, 515 U.S. 472, 483-84 (1995), the Pennsylvania Supreme Court has long held that the denial of parole does not implicate a constitutionally protected liberty interest because parole is a discretionary matter, granted to a prisoner who has demonstrated the ability to function in society as a law-abiding citizen. Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287 (Pa. 2001); Rogers v. Pennsylvania Bd. of Prob. and Parole, 724 A.2d 319 (Pa. 1999). In Sandin, 515 U.S. at 480-84, the Supreme Court held that a liberty interest is not created merely because a regulation limits the discretion of prison officials. Rather, courts should focus on the nature of the deprivation itself and the relevant inquiry is whether it was "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Id. at 486; see also Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997). The denial of parole to a Pennsylvania state inmate is not the type of

significant and atypical hardship contemplated by the Supreme Court in *Sandin*. Thus, Padua has no right to parole, and no liberty interest in the anticipation of parole under any circumstances. Therefore, the PBPP did not err when it issued its decision to deny Padua parole.

Moreover, in an effort to ascertain the custodial status of Padua, this Court accessed the Pennsylvania Department of Corrections online inmate locator, *see* http://inmatelocator.cor.pa.gov/#/, and the Vinelink online inmate locator, *see* https://www.vinelink.com/#/search, which produced no results. Thus, it appears that Padua has been released from custody and received the relief requested, i.e. "immediate release" (Doc. 1, p. 14), which renders the petition moot. *See Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintif's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a

proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

## IV. Conclusion

In accordance with the foregoing, the petition for writ of habeas corpus will be denied. An appropriate Order will issue.

Date: November 10, 2016

Robert D. Mariani
United States District Judge